CATHERINE CORTEZ MASTO
Attorney General of the State of Nevada
ERIC WITKOSKI
Consumer Advocate and Chief Deputy Attorney General
BRIAN ARMSTRONG, Bar No. 8761
Senior Deputy Attorney General
State of Nevada, Office of the Attorney General
Bureau of Consumer Protection
555 E. Washington Ave., Suite 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3420
Fax: (702) 486-3283
Email: antitrust@ag.nv.gov
Attorneys for Plaintiff State of Nevada

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA BY ITS ATTORNEY GENERAL CATHERINE CORTEZ MASTO<br><br>Plaintiff,<br><br>       v.<br><br>SERVICE CORPORATION INTERNATIONAL<br><br>Defendant. | Case No.: 2:09-cv-2248<br><br>**COMPLAINT** |

Plaintiff State of Nevada, through its Attorney General, complains against Defendant Service Corporation International ("SCI") as follows:

### Nature of the Action

1.      Plaintiff seeks permanent injunctive relief in this antitrust law enforcement action to prevent Defendant from acquiring the stock of Palm Mortuary, Inc. ("Palm") in violation of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, and the Nevada Unfair Trade Practice Act, NRS 598A. This acquisition involves the sale of cemetery services. It also affects only one

geographic area in the entire country, the Las Vegas metropolitan area within Clark County,

Nevada – where approximately 70% of Plaintiff's citizens reside.  Plaintiff's investigation into

this acquisition has indicated that Defendant's proposed acquisition will eliminate head-to-head

competition in an already highly concentrated market, and will result in Defendant having a

monopoly or near-monopoly market share post-acquisition for cemetery services in the Las

Vegas metropolitan area, as defined herein.   This, along with other factors, increases the

likelihood of higher prices and/or a reduction in the quality of cemetery services offered to

consumers in the Las Vegas metropolitan area.  SCI's acquisition of Palm, therefore, may

substantially lessen competition in violation of Section 7 of the Clayton Act, as amended, 15

U.S.C. § 18, and the Nevada Unfair Trade Practice Act, NRS 598A.

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction over the federal antitrust claim pursuant

to Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. §§ 1331 and 1337(a).  The Court

has pendent jurisdiction over the state antitrust claim because this claim is so related to the

federal claim that it forms part of the same case or controversy.  28 U.S.C. § 1367.

3.     Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391(c), in

that Defendant, through its wholly-owned subsidiary Alderwoods (Nevada), Inc.

("Alderwoods"), transacts business within, and is found in, the District of Nevada – Las Vegas.

### Parties

4.     Plaintiff State of Nevada brings this action by and through its Attorney General

(a) as *parens patriae* on behalf of natural persons residing in the State of Nevada under federal

antitrust law, (b) as *parens patriae* on behalf of persons residing in the State of Nevada pursuant

to the Nevada Unfair Trade Practice Act, (c) in its proprietary capacity, which may include state

agencies, political subdivisions, and other government instrumentalities, based on purchases of

2 – Complaint

cemetery services, and/or (d) as the chief antitrust law enforcement agency in the State of Nevada to the extent violations of the Nevada Unfair Trade Practice Act are alleged herein.

5.     Defendant SCI is a publicly traded corporation organized, existing and doing business under and by virtue of the laws of the State of Texas, with its corporate head office and principal place of business located at 1929 Allen Parkway, Houston, Texas 77109. Defendant, among other things, is engaged in the sale and provision of cemetery services and funeral services as those terms are defined herein. It is the largest provider of cemetery services and funeral services in North America, with sales in 2008 of approximately $2.1 billion. Within the Las Vegas metropolitan area, Defendant performs its services through its subsidiary, Alderwoods, at the following locations: (a) Davis Funeral Home and Memorial Park, 6200 South Eastern Avenue, Las Vegas, Nevada 89119, (b) Davis Funeral Home, 2127 West Charleston Boulevard, Las Vegas, Nevada 89102, (c) Thomas and Jones Funeral Home, 310 Foremaster Lane, Las Vegas, Nevada 89101. SCI's cemetery services are provided at its Davis Funeral Home and Memorial Park location.

6.     Defendant is engaged in interstate commerce and in activities that substantially affect interstate commerce.

### Relevant Market

7.     The relevant product market within the meaning of Section 7 of the Clayton Act and NRS 598A.060(1)(f) is cemetery services. Cemetery services means all activities relating to the promotion, marketing, sale and provision of property, goods and services to provide for for the final disposition of human remains in a cemetery, whether by burial, entombment in a mausoleum or crypt, or disposition in a niche.

8.     The relevant geographic market within the meaning of Section 7 of the Clayton Act and NRS 598A.060(1)(f) is the Las Vegas metropolitan area of Clark County, Nevada ("Las Vegas metropolitan area").

9.      Accordingly, the relevant market within the meaning of Section 7 of the Clayton Act and NRS 598A.060(1)(f) is cemetery services in the Las Vegas metropolitan area.

## Nature of Trade and Commerce

10.     Like Defendant, Palm is engaged in the sale and provision of cemetery services and funeral services.  Funeral services means all activities relating to the promotion, marketing, sale and provision of funeral services and funeral goods, including, but not limited to, goods and services used to care for and prepare bodies for burial, cremation, or other final disposition; and goods and services used to arrange, supervise, or conduct the funeral ceremony or final disposition of human remains.  Palm is the largest provider of cemetery services and funeral services in the Las Vegas metropolitan area, as it provides cemetery services in six locations and funeral services in eight locations throughout the Las Vegas metropolitan area.

11.     Defendant and Palm compete and promote their businesses in the relevant market based on price, name recognition and reputation, location, range of available services, quality of service and associated product offerings, and the appearance of facilities.

12.     A substantial number of consumers view Defendant and Palm as their first and second choices in the relevant market.  This can be due to the physical proximity of their competing facilities, the provision of traditional, high-end cemetery services, and the ability of Defendant and Palm to bundle their cemetery services with funeral services.

13.     When cemetery services and funeral services are sold at the same location, the location is called a combination property.  Defendant and Palm both have significant combination properties in the Las Vegas metropolitan area.

## Proposed Acquisition

14.     On or about August 5, 2009, Defendant and Palm entered into an agreement, whereby Defendant, through Alderwoods, would acquire all issued and outstanding stock of Palm.

15.     The proposed acquisition would combine the first and third largest sellers and providers in the relevant market.

## Market Concentration

16.     The relevant market is highly concentrated, and would become significantly more concentrated as a result of the proposed acquisition.

17.     For 2008, Palm accounts for approximately 60% of the relevant market; Defendant accounts for approximately 16%.  If consummated, the acquisition would give Defendant approximately a 76% market share.

18.     The Herfindahl Hirschman Index ("HHI")[1] also indicates that the relevant market is highly concentrated.   The acquisition would increase the HHI by 1876 points, from 4385 to 6261.

19.     The acquisition would leave only two meaningful competitors in the relevant market, and would eliminate one of two competitors that are the first and second choices for a substantial number of consumers.

## Entry Conditions

20.     Entry in the relevant market would not be timely, likely, or sufficient to prevent anticompetitive effects.

## Effects of the Acquisition

21.     The acquisition may substantially lessen competition in the relevant market in the following ways, among others: (a) by eliminating direct competition between Defendant and Palm; (b) by increasing the likelihood that Defendant will unilaterally exercise market power; or

---

[1] "HHI" means the Herfindahl Hirschman Index, a commonly accepted measure of market concentration.  It is calculated by squaring the market share of each firm competing in the market and then summing the resulting numbers.  For example, for a market consisting of four firms with shares of 30%, 30%, 20%, and 20%, the HHI is 2600 ((30 x 30) + (30 x 30) + (20 x 20) + (20 x 20) = 2600).  The HHI takes into account the relative size distribution of the firms in a market and approaches zero when a market consists of a large number of small firms.  Markets in which HHI is in excess of 1800 points are considered to be highly concentrated.  See Horizontal Merger Guidelines ¶ 1.51 (revised Apr. 8, 1997).  Transactions that increase the HHI by more than 100 points in concentrated markets presumptively raise antitrust concerns.  *Id.*

(c) by increasing the likelihood of, or facilitating, coordinated interaction between or among participants in the relevant market. These factors, which would not exist but for the acquisition, increase the likelihood of an increase in prices in the relevant market, and/or a decrease in the services, or the quality of services, provided to consumers in this market.

### Violations Alleged

22.    The preceding paragraphs are incorporated as if set forth herein.

23.    Defendant's proposed acquisition of Palm's stock may substantially lessen competition in the sale and providing of cemetery services in the Las Vegas metropolitan area in violation of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, and the Nevada Unfair Trade Practice Act, NRS 598A, specifically NRS 598A.060(1)(f).

### Prayer for Relief

Accordingly, Plaintiff State of Nevada, requests that this Court:

1.    Adjudge Defendant SCI's proposed acquisition of Palm's stock violates Section 7 of the Clayton Act, 15 U.S.C. § 18;

2.    Adjudge Defendant's proposed acquisition of Palm's stock violates NRS 598A.060(1)(f);

3.    Permanently enjoin and restrain Defendant from carrying out the agreement between Defendant and Palm, dated August 5, 2009, or from entering into or carrying out any agreement, understanding, or plan by which Defendant would merge with or acquire Palm, its capital stock, or any of its assets;

4.    Award Plaintiff the maximum civil penalties allowed by NRS 598A.170;

5.    Award Plaintiff its reasonable attorneys fees and costs of this action; and

6.    All other relief as this Court may deem just and proper.

Dated: <u>November 24, 2009</u>

Respectfully submitted,

PLAINTIFF STATE OF NEVADA

CATHERINE CORTEZ MASTO, Attorney General of the State of Nevada
ERIC WITKOSKI, Consumer Advocate and Chief Deputy Attorney General


<u>/s/ Brian Armstrong</u>
BRIAN ARMSTRONG
Senior Deputy Attorney General
Bureau of Consumer Protection

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2009, I caused a true and complete copy of Plaintiff's Complaint to be served on the following counsel of record via electronic mail (as previously stipulated) and through the Case Management/Electronic Case Files (CM/ECF) system (to the extent counsel has been associated with the CM/ECF for this action).

CATHERINE CORTEZ MASTO, Attorney General
ERIC WITKOSKI, Consumer Advocate and
Chief Deputy Attorney General

By:    /s/ Brian Armstrong
       BRIAN ARMSTRONG
       Senior Deputy Attorney General
       Bureau of Consumer Protection

Recipients:

**Attorneys for Defendant Service Corporation International**
David J. Laing
Baker & McKenzie LLP
815 Connecticut Avenue, NW
Washington, DC 20006
david.j.laing@bakernet.com

James L. Wadhams
Jones Vargas
3773 Howard Hughes Parkway
3rd Floor South
Las Vegas, NV  89169
Telephone: (702) 862-3300
Fax: (702) 734-2722
jwadhams@jonesvargas.com